

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ACCESS 4 ALL, INC.,
a Florida not-for-profit corporation,
NELSON STERN, individually,

        Plaintiffs,

v.

BROOKS SHOPPING CENTER LLC,
a Delaware Limited Liability Company,

        Defendant.
------------------------------------------------------------x

Case No.: 1:05-cv-9703-~~SHS~~ (GBD)

**REPORT OF RULE 26(f)
PLANNING MEETING**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f).

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Discovery cut-off | **June 14, 2006** |
| Adding parties cut-off | **April 12, 2006** |
| Amending pleadings cut-off | **April 12, 2006** |
| Dispositive motions cut-off | **July 12, 2006** |
| **PRE-TRIAL CONFERENCE** | <u>**August 9, 2006 at 9:45 am**</u> |
| Joint Pre-Trial Order due by | **July 19, 2006** |
| Trial Date readiness with 48 hours' notice on or after Estimated trial time **1 day** | **August 16, 2006** |
| **NEXT CASE MANAGEMENT CONFERENCE** | <u>**May 17, 2006 at 9:45 am**</u> |
| All parties Consent to Proceed Before Magistrate Judge | Yes ✓ No ___<br><br>Likely to Agree in the Future ___ |

## I. PRE-DISCOVERY INITIAL OF CORE INFORMATION

A.   Fed.R.Civ.P. 26(a)(1)(C) - (D) Disclosures

The parties ____ have exchanged ✓ agree to exchange (check one)

information described in Fed.R.Civ.P. 26(a)(1)(C) - (D)

____ on ✓ by (check one)   February 27, 2006.

B.   Fed.R.Civ.P. 26(a)(1)(A) - (B) Disclosures

The parties ____ have exchanged ✓ agree to exchange (check one)

Information referenced by Fed.R.Civ.P. 26(a)(1)(A) - (B) ____ on ✓ by (check one)

February 27, 2006.

## II. AGREED DISCOVERY PLAN FOR PLAINTIFFS AND DEFENDANTS

A.   Rule 7.1 Disclosure Statement.

Each party shall file and serve a Rule 7.1 Disclosure Statement. No party may seek discovery from any source before filing and serving a Rule 7.1 Disclosure Statement. A motion, memorandum, response, or other paper – including emergency motion – is subject to being denied or stricken unless the filing party has previously filed and served its Rule 7.1 Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Rule 7.1 Disclosure Statement, which remains current:

✓ Yes
___ No                          Amended Statement will be filed by Plaintiff and Defendant
                                on or before   (date).

B.   Limits on Discovery –

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed

dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions

   (a.) It is anticipated the Plaintiff will depose the corporate representative of the Defendant with the most knowledge regarding (1) ADA complaints; (2) construction and improvements made to the Defendant's facility since 1992; (3) financial status of the Defendant; and (3) Defendant's experts, if any.

   (b.) Defendant intends to depose witnesses in accordance with the Federal Rules of Civil Procedure and the Local Rules, including but not limited to, Plaintiff, expert witnesses, if any, designated by the plaintiff, and such other witnesses discovered in the course of the discovery process.

Interrogatories

   (a.) Plaintiff will utilize interrogatories to determine the identity of witnesses, the availability of documents, and the facts concerning ADA compliance. The initial interrogatories will be served after filing this report, but in no event later than 33 days prior to any discovery cut-off agreed to by the parties or ordered by the Court.

   (b.) Defendant intends to use interrogatories in the number authorized by the applicable rules, or in such greater number as is necessary by appropriate time(s) but in no event later than 33 days prior to any fact discovery cut off agreed to by the parties or ordered by the Court.

2. Document Requests

   (a.) Plaintiff will seek inspection of the premises under Rule 34, including photographing with the Rule 34 premises inspection request will file a Request for Production of documents, but in no event later than 33 days prior to any fact discovery, cut off agreed to by the parties or ordered by the Court.

   (b.) Defendant intends to use requests for production or inspection in the manner authorized by the applicable rules at the appropriate time or times, but in no event later than 33 days prior to any fact discovery cut off agreed to by the parties or ordered by the Court.

      3.    Requests to Admit

          (a.)   Plaintiff plans on, and reserves the right to utilize requests for admission to authenticate documents and narrow issues of fact which remain for determination by the Court, but in no event later than 33 days prior to any fact discovery, cut off agreed to by the parties or ordered by the Court.

          (b.)   Defendant intends to use requests for admission at the appropriate time, but in no event later than 33 days prior to any fact discovery cut off agreed to by the parties or ordered by the Court.

      4.    Supplementation of Discovery

C.    Discovery Deadline –

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

Thirty days after the need for supplementation is known.

D.    Disclosure of Expert Testimony –

On or before the dates set forth in the above table for disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

The parties may supplement 30 days after the need for supplementation is known.

E.    Confidentiality Agreements –

Whether documents filed in this case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. A party seeking to file a document under seal must file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

accommodation as defined under the Americans with Disabilities Act. The Plaintiff seeks an injunction requiring the removal of architectural barriers to the physically disabled that the Plaintiff contends are readily achievable. The Defendant asserts that certain modifications to the Defendant's facilities are not readily achievable, not required, or would create an undue hardship on the Defendant.

    B.    Summary of Stipulated or Uncontested Facts:

        1.    The Defendant is the owner, or operator or lessor or leases from the owner of the place of public accommodation described above.

        2.    The Defendant's property is a place of public accommodation within the meaning of the Americans with Disabilities Act.

        3.    The provisions of the Americans with Disabilities Act and certain of the federal regulations enacting the Americans with Disabilities Act, 28 C.F.R. Part 36, apply in this action.

    C.    Summary of issues as presently known:

        1.    Whether the Defendant's property contains barriers to access as defined under the Americans with Disabilities Act.

        2.    Whether the removal of any such barriers is required or is readily achievable.

        3.    Whether the removal of the barriers, if any, would create an undue hardship on the Defendant.

        4.    Whether the Plaintiffs are entitled to attorneys' fees and costs for this action.

    D.    Summary of pending motions, if any:

        None at this time.

    E.    Progress of discovery in the case, if any:

The Plaintiffs will serve Interrogatories and a Request for Production. The parties will complete a full inspection of the Defendant's property with the respective representatives of the parties as well as architects. The parties shall confer regarding the disclosure requirements of Fed.R.Civ.P.(26)(a)(1-4).

    F.    Unique legal or factual aspects of the case: None.

Case Management Report   Case No.: 1:05-cv-9703-SHS                       Page 7
Access v. Brooks Shopping; FFA file # 3732-NY

**CO-COUNSEL FOR PLAINTIFF ACCESS 4 ALL, INC.:**

Nelson M. Stern, Esq. (NMS 8646)
LAW OFFICE OF NELSON M. STERN
964 Third Avenue, 5th Floor
New York, NY 10155
(212) 223-8330 - Tel.
(212) 371-2131 - Fax
scooterlawyer@aol.com

**COUNSEL FOR PLAINTIFFS:**

Lawrence A. Fuller, Esq. (LAF 5450)
FULLER, FULLER AND ASSOC., P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199 - Tel.
(305) 893-9505 - Fax
lfuller@fullerfuller.com

By: _____
Lawrence A. Fuller, Esq. (LAF 5450)
Date: 2/6/06

**COUNSEL FOR DEFENDANT:**

Philip M. Smith, Esq. (PS) 8132
Winston & Strawn, LLP
200 Park Avenue
New York, NY 10166
Tel: (212)294-2633
Fax: (212)294-4700

By: _____

Date: 2/6/06

3732-NY Initial documents all-in-one for on (j) 1-24-06).wpd

SO ORDERED, this 6th day of February, 2006, at New York County, New York, New York.

_____
UNITED STATES DISTRICT JUDGE
HON. GEORGE B. DANIELS