# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON EC4N 8NH

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

WRITER'S DIRECT DIAL
(212) 294-2633
psmith@winston.com

May 19, 2006

Honorable George B. Daniels
United States District Judge
United States Courthouse
40 Centre Street
New York, N.Y. 10007

    Re:  **Access v. Brooks Shopping; USDC SDNY Case No.: 1:05-cv-9703-SHS**

Dear Judge Daniels:

  Enclosed is a Consent Decree and Order of Dismissal executed by the parties which serves to settle this matter. Plaintiffs asserted claims under the American With Disabilities Act ("ADA") against the owner of the Cross County Shopping Center in Yonkers. Pursuant to the terms of the Consent Decree, the defendant has undertaken to make certain aspects of the Cross County Shopping Center comply with the ADA within designated time periods. This Consent Decree contemplates that it be so-ordered by the Court and the parties respectfully request the Court to do so to complete this settlement.

              Respectfully submitted,

              Philip M. Smith

cc:  Thomas B. Bacon, Esq. [by email]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ACCESS 4 ALL, INC.,
a Florida not-for-profit corporation,
NELSON M. STERN, individually,

        Plaintiffs,

v.

BROOKS SHOPPING CENTER LLC,
a Delaware Limited Liability Company,

        Defendant.

------------------------------------------------------------x

Case No.: 1:05-cv-9703 (GBD)(GWG)

## Consent Decree and Order of Dismissal

This Consent Decree is entered into by and between plaintiffs Access 4 All, Inc. and Nelson M. Stern (collectively, "Plaintiffs") and Brooks Shopping Center, LLC ("Defendant") and so-ordered by the Court. Plaintiffs and Defendant are collectively referred to as the "Parties".

WHEREAS, the Defendant's property is known as Cross County Shopping Center and is located at 6K Mall Walk, Yonkers, New York. Plaintiffs claim in this action that there are architectural barriers existing at the Defendant's property that constitute violations of the Americans With Disabilities Act ("ADA") that unlawfully limit the Plaintiffs' use of the property and have submitted a report by an ADA expert dated March 17, 2006 setting forth what Plaintiffs claim are violations of the ADA. Defendant does not admit all of the allegations of Plaintiffs' Complaint or the alleged violations set forth in Plaintiffs' expert's report, but recognizes that Plaintiffs might prevail and receive relief on the merits of their claims. In consideration for resolving all matters in dispute, the Parties have agreed to compromise and settle this suit upon the following terms and conditions:

1. All modifications to the Defendant's property (the "Property Modifications") required by this Consent Decree shall be completed prior to the dates set forth in paragraph 3 hereof. A final property reinspection conducted by Plaintiffs will take place on or after April 15, 2010 (the date of Plaintiffs' reinspection being the "Reinspection Date"), to ensure that the Property Modifications to the subject property as required herein have been completed.

2. All references to the ADAAG refers to 28 CFR Chapter 1 Part 36, App. A. (7-1-98 edition) -ADAAG Accessibility Code (1997 edition) or the ADAAG Accessibility Code in effect when the Property Modifications called for by this Consent Decree are performed by Defendant. The Parties acknowledge that the Property Modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. Completion of the modifications pursuant to the ADAAG shall be considered full compliance with the ADA.

3. The Defendant shall complete the following modifications and submit to Plaintiffs' counsel a report summarizing the actions it has taken pursuant to this Consent Decree by April 1, 2010.

    a. <u>Common Premises</u>. All premises comprising the Cross County Shopping Center owned by Defendant but not leased to tenants, including but not limited to parking areas, accessible routes, paths of travel, entrances, elevators, public telephones, and restrooms (the "Common Premises"), shall be made compliant with ADAAG by April 1, 2010. Plaintiffs understand that the land and building currently occupied by Macy's is not owned by Defendant and Defendant does not have any responsibility for Macy's compliance with the ADA. However, the parking areas used by Macy's will be made compliant with ADAAG by such date.

    b. <u>Leased Premises</u>. The premises comprising those parts of the Cross County Shopping Center that are leased to tenants by the Defendant are referred to as the "Leased Premises". The following

2

aspects of the Leased Premises will be made to comply with ADAAG by April 1, 2008:

(i) Defendant will cause the tables and counters used by customers at Boston Market, Stop & Shop, Sears, and in the food area to comply with ADAAG;

(ii) Defendants will cause the public restrooms in the management office, Boston Market, Applebee's, Burger King, Nails and More, Old Navy, Stop & Shop, Movie theater, and Sears to be compliant with ADAAG.

4. The Parties agree and acknowledge that the nature and scope of the renovation of the Cross County Shopping Center as currently contemplated are such that it impossible to anticipate every possible cause for delay in carrying out the contemplated renovations or Defendant's inability to complete its obligations under this Consent Decree. Thus, there may be delays in making, or inability to make, the Property Modifications as provided for pursuant to this Consent Decree that are caused by factors beyond the control of Defendant, including those caused by third parties such as construction contractors, city building officials, inspectors, permitting departments, or lenders. If Defendant learns of any event that will likely result in its inability to perform its obligations under this Consent Decree, it will provide Plaintiffs' counsel notice of the relevant facts concerning such event within 30 days. If Plaintiffs deem such event to be an anticipatory breach of this Consent Decree, Plaintiffs shall so notify Defendant, and Plaintiffs and Defendant shall attempt in good faith to negotiate a mutually acceptable modification to this Consent Decree. If Plaintiffs' and Defendant's counsel or other representatives cannot negotiate an acceptable modification to this Consent Decree, Plaintiffs may at their option, after six months prior notice by Plaintiff to Defendant's counsel that such event constitutes an anticipatory breach of this Consent Decree, declare this Consent Decree to be null and void and commence an action to enforce their rights under the ADA or otherwise. Defendant shall in any event make a good faith effort to perform its obligations under this Consent Decree.

5. Upon full compliance with the terms and conditions of this Agreement, Plaintiffs hereby release and discharge Defendant and Defendant's lessees at Cross County Shopping Center, their respective direct and indirect owners, members, principals, partners. managers, directors, officers, employees, agents, successors, and assigns from any and all claims and causes of action which Plaintiffs has had or may claim to have had arising under the ADA or similar claims that may exist under state or local laws, codes or regulations.

6. Defendant shall pay Plaintiffs' counsel, Fuller, Fuller, & Associates. P.A. and The Law Offices Of Nelson M. Stern their attorneys' fees, litigation expenses and costs incurred in this matter, and Plaintiffs' expert's fees and costs incurred in this matter to date. The amounts to be paid are set forth in a separate Stipulated Agreement for Fees and Costs dated as of May 17, 2006. After the Reinspection Date, Defendant shall pay the reasonable attorneys fees, expert fees and costs incurred in connection with the reinspection (the "Reinspection Fees") in an amount to be agreed between the Parties' respective counsel. If, however, counsel for the Parties are unable to agree upon the reasonable Reinspection Fees, the reasonable Reinspection Fees shall be determined by the District Judge or a Magistrate Judge as the Court deems appropriate. If determined by a Magistrate Judge, the Parties agree that the Magistrate Judge may enter a final judgment pursuant to 28 U.S.C. §636(c). Defendant shall pay the Reinspection Fees within ten days of the agreement by the Parties or determination by the Court or Magistrate Judge of the attorneys' fees, litigation expenses, expert's fees and costs issue.

7. Plaintiffs and their representatives agree to refrain from making any statements about this action, the allegations contained herein, or this Consent Decree.

8. This action shall be and hereby is dismissed without prejudice. The Court retains jurisdiction to enforce the terms of this Consent Decree.

9. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their

only upon delivery and thereafter shall be deemed an original, and all of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A facsimile copy of any parties signature shall be deemed as legally binding as the original signatures.

IN WITNESS WHEREOF, the Parties hereto execute this Consent Decree.

PLAINTIFFS:

Access 4 All, Inc.

By: _____          Date: 5/16/06

By: _____          Date: 5/17/06
Nelson M. Stern

DEFENDANT:

Brooks Shopping Center LLC

By: _____          Date: _____

SO ORDERED

_____
George B. Daniel, U.S.D.J.             Dated: _____

respective successor and/or assigns. The Parties shall perform their obligations under this Consent Decree in good faith.

10.  This Consent Decree can be executed in any number of counterparts, each of which shall be effective only upon delivery and thereafter shall be deemed an original, and all of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A facsimile copy of any parties signature shall be deemed as legally binding as the original signatures.

IN WITNESS WHEREOF, the Parties hereto execute this Consent Decree.

PLAINTIFFS:

Access 4 All, Inc.

By: _____     Date: _____

By: _____     Date: _____
    Nelson M. Stern

DEFENDANT:

Brooks Shopping Center LLC

By: *[signature]*                         Date: 5/17/06
    James B. Stifel
    Authorized Signatory

SO ORDERED

_____
George B. Daniel, U.S.D.J.                Dated: _____

5